FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGER PALMER; et al.,<br><br>    Plaintiffs-Appellants,<br><br> v.<br><br>JOSEPH LOMBARDO; et al.,*<br><br>    Defendants-Appellees. | No.   22-15645<br><br>D.C. No.<br>3:21-cv-00268-MMD-CSD<br>District of Nevada,<br>Reno<br><br>ORDER |

Before: MURGUIA, Chief Judge, and FRIEDLAND and BENNETT, Circuit Judges.

    Roger Palmer, Chad Moxley, and Firearms Policy Coalition, Inc. (collectively, "Plaintiffs") appeal the district court's dismissal of their Second and Fifth Amendment challenges to a Nevada law that bans the possession, sale, and manufacture of firearms and various firearm components without serial numbers. A.B. 286, 2021 Leg., 81st Sess. (Nev. 2021) (codified at Nev. Rev. Stat. § 202.3625 et seq.). Applying this court's prior two-step test to evaluate Second Amendment claims, the district court concluded that A.B. 286 survived intermediate scrutiny because it is a "reasonable fit" to Nevada's "substantial or

---

* Per Fed. R. App. P. 43(c)(2), Governor Joseph Lombardo is substituted for former-Governor Stephen Sisolak. On remand, the parties are directed to substitute other state Defendants as necessary.

important interest" in preserving "the ability of law enforcement to conduct serial number tracing." *Palmer v. Sisolak*, 594 F. Supp. 3d 1215, 1220–24 (D. Nev. 2022) (applying *Young v. Hawaii*, 992 F.3d 765 (9th Cir. 2021) (en banc)).

After Plaintiffs filed their notice of appeal, the Supreme Court abrogated the two-step framework applied by the district court. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126–27 & n.4 (2022). Under *Bruen*:

> [W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id.* at 2126 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 49 n.10 (1961)).

As with other pre-*Bruen* Second Amendment determinations, the parties did not fully develop the historical and factual record. *See, e.g.*, *Young v. Hawaii*, 45 F.4th 1087, 1089 (9th Cir. 2022) (en banc); *Duncan v. Bonta*, 49 F.4th 1228, 1231 (9th Cir. 2022) (en banc). Accordingly, we remand to the district court solely to develop the historical and factual record. 28 U.S.C. § 2106; *Friery v. Los Angeles Unified Sch. Dist.*, 448 F.3d 1146, 1150 (9th Cir. 2006). We direct the district court to make findings as to: (1) whether A.B. 286 conforms to "this Nation's historical tradition of firearm regulation," *Bruen*, 142 S. Ct. at 2126; (2) whether it

2

is possible in Nevada to lawfully add a serial number to a self-manufactured unserialized firearm and/or unfinished frame or receiver, and if so, how and under what circumstances; (3) whether it is possible in Nevada to lawfully obtain serialized self-manufacturing and/or self-assembly firearm kits, and if so, how and under what circumstances; and (4) what kind of self-manufacturing Plaintiffs want to engage in.[1] We give the district court leave to make additional findings as to other factual issues it believes are relevant, under *Bruen*, to Plaintiffs' Second Amendment claims. The district court shall allow such discovery as it deems appropriate and shall have the discretion to conduct all proceedings and enter such orders as it deems necessary or appropriate to make the findings referenced above. The district court shall make these findings at its earliest convenience.

The parties shall promptly notify the Clerk of this court when the district court has made the findings referenced in this order. Subject to this limited remand order, this panel retains jurisdiction over the case.

**REMANDED.**

---

[1] For instance, have Plaintiffs ever created a firearm without using a premade self-assembly kit, and if so, do they plan to continue to do so? If their interest is only in continuing to use kits, how "unfinished" must these kits be in order to satisfy Plaintiffs' desire for self-manufacturing?