# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

David H. Thompson
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

(202) 220-9600
Fax (202) 220-9601


August 7, 2026

**Via CM/ECF**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: ***Palmer v. Lombardo*, No. 22-15645**

Dear Ms. Dwyer:

I write to submit *Wolford v. Lopez*, 146 S. Ct. 2032 (2026) and *United States v. Hemani*, 146 S. Ct. 1677 (2026), as supplemental authority supporting Plaintiffs' argument that Nevada's Assembly Bill No. 286 ("the Ban") is unconstitutional under the Second Amendment.

*Wolford* confirms that *Bruen*'s first step asks only three questions: (1) whether the challenged law applies to "the people," (2) concerns "Arms," and (3) "place[s] any restrictions on" "keep[ing]" or "bear[ing]" them. *Wolford*, 146 S. Ct. at 2043. In conducting the plain-text analysis, the Court explained that the " 'plain text of the Second Amendment protects' what petitioners want to do: carry handguns for self-defense." *Id*. at 2039 (quoting *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 32 (2022)). As Justice Jackson explained, the "majority essentially directs courts to start by simply asking whether a gun owner cannot do what she wants with her firearm." *Id.* at 2064 (Jackson, J., dissenting). Following *Wolford*, the State's claim that this case escapes scrutiny under the plain text, *see* State Br., ECF 20 at 16, is untenable.

*Wolford* also confirms that a law need not flatly ban all exercise of the right to trigger the *Bruen* framework. The State has argued that "serialized firearms are widely available in Nevada without the need for self-manufacturing." *Id*. at 18. But the law at issue in *Wolford* did not flatly prevent carry, and the Supreme Court still scrutinized it. *See Wolford*, 146 S. Ct. at 2047-49.

At step two, *Wolford* reiterates that "[a]n outlier legal rule adopted in a few locales is not enough." *Id.* at 2050. Rather, an analogue must be "widespread, well-known, and widely accepted." *Id.* at 2053. *Hemani* likewise rejected analogues that "targeted different kinds of people, did so for different reasons, and operated in different ways." 146 S. Ct. at 1694. Together, *Wolford* and *Hemani* further support Plaintiffs' argument that the State has failed to identify any relevantly

similar analogues, Reply Br., ECF no. 27, at 13-16, and that the State's purported analogies fail the "how" and "why" inquiry, *id.* at 16-18.

Dated: August 7, 2026

Respectfully submitted,

/s/ *David H. Thompson*

David H. Thompson
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com

*Attorney for Plaintiff-Appellants*

Cc: All counsel of record (via ECF)